UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SAMUEL DWAYNE DAVIS,              )
                                  )
    *Petitioner*,                 )
                                  )
v.                                )    3:05-cv-424
                                  )    *Phillips*
                                  )
JACK MORGAN, Warden,              )
                                  )
    *Respondent*.                 )

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Samuel D. Davis ("Davis"). The matter is before the court on the motion to dismiss or, in the alternative, motion for summary judgment filed by the Attorney General on behalf of the respondent and Davis' response thereto. For the following reasons, the motion to dismiss and/or for summary judgment [Court File No. 9] will be **GRANTED**.

According to Davis' petition, he pleaded guilty, in 1998 in the Criminal Court for Knox County, Tennessee, to four counts of statutory rape and two counts of sexual battery, and received a total effective sentence of ten years. He now challenges his guilty pleas as involuntary and claims they are in violation of the U.S. Constitution's prohibition against ex

post facto laws. The basis of Davis' claim is that, as a result of a statute passed after his guilty pleas, Tenn. Code Ann. § 40-25-143 (effective July 1, 2001), he is now required to pay fees he did not agree to pay when he pleaded guilty.

Section 40-25-143(a) provides: "The department of correction shall have the authority to collect from the inmate trust fund account of any defendant in its custody those moneys necessary to satisfy any unpaid costs which have been imposed upon the defendant." Davis takes the position that, having never been told he would be required to pay costs, he was not aware of the consequences of his guilty pleas and thus the pleas were not voluntary. The Attorney General moves to dismiss the habeas petition as time-barred, procedurally defaulted, and without merit.

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

According to Davis, his judgments of conviction were entered December 18, 1998. Because Davis did not appeal his convictions, the convictions became final on January 17, 1999, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646

2

(Tenn. 2003). Davis filed his habeas corpus petition on August 10, 2005. Even assuming that the statute of limitation did not begin to run until the statute in question took effect, the effective date of Tenn. Code Ann. § 40-25-143 was July 1, 2001. Thus, Davis would have had one year from that date to file his habeas corpus petition and the petition is still time-barred.

Along those same lines, a state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state remedies. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509 (1982). According to Davis, he filed, on June 29, 2004, in the Criminal Court for Knox County, Tennessee, a motion to quash garnishment/execution and claim exemption rights. The Attorney General has filed copies of Davis' proceedings relative to the motion to quash garnishment/execution and claim exemption rights. [Court File No. 11, Notice of Filing Documents, Addenda 1-7; Court File No. 12, Notice of Additional Filing of Documents, Addenda 1-3]. The motion concerned the collection of costs from Davis' prison account, was dismissed, and the Tennessee Court of Criminal Appeals affirmed. *Samuel Wayne Davis v. State of Tennessee*, No. E2004-01943-CCA-R3-CO (Tenn. Crim. App. February 15, 2005) [Court File No. 11, Addenda 5], *perm. app. denied, id.* (Tenn. June 27, 2005) [Court File No. 12, Addenda 3].

The motion to quash was filed after the expiration of statute of limitation and thus could not toll the running of that statute. In addition, Davis did not raise the issue of the voluntariness of his guilty pleas in the motion to quash. For that reason alone, the motion to quash would not serve to toll the statute of limitation. Furthermore, by not questioning the validity of his guilty pleas in the motion to quash, Davis failed to exhaust his state remedies on that claim and thus has procedurally defaulted the claim that his guilty pleas were not voluntary. *See Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (the substance of a habeas corpus claim must have been presented for state court review as a federal constitutional claim).

Notwithstanding the fact that Davis' habeas corpus petition is barred by the statute of limitation and is procedurally defaulted, the court notes that the petition lacks merit. *See Priest v. Suthers*, 60 Fed.Appx. 243, 245 (10th Cir. March 20, 2003) (habeas petitioner not entitled to relief because Colorado's statutory scheme for collection of costs, enacted after petitioner was sentenced, "was not punitive and did not alter the sentence originally imposed"); *Peterson v. Lowry*, 1998 WL 479427 at *1 (9th Cir. July 20, 1998) (habeas petitioner not entitled to relief because Washington's statutes requiring deductions from prisoners' wages for victim compensation and costs of incarceration, enacted after petitioner was convicted, "are not punitive and thus do not impose additional punishment").

Petitioner Davis' petition for the writ of habeas corpus is barred by the applicable statute of limitation and the doctrine of procedural default; for that reason the Attorney General's motion to dismiss and/or for summary judgment will be **GRANTED**. Davis having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Davis leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                                                 s/ Thomas W. Phillips
                                                         United States District Judge